IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03171-CMA-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-14,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 25, 2013.**

Pending before the Court is a Motion to Quash Subpoena and Motion for Protective Order [filed January 23, 2013; docket #13] filed by Defendant John Doe #13 ("Doe #13"). The Motion is **denied without prejudice** for several reasons.

First, the pending motion fails to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that Doe #13 seeks to proceed in this litigation anonymously. However, he has failed to seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Doe #13 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he must first (or contemporaneously) file a motion to proceed anonymously and provide to the Court his name, address, telephone number and email address in accordance with Rule 11(a) and D.C. Colo. LCivR

10.1K.¹ If Doe #13 wishes to keep his identifying information confidential, he may file his Signature Block separately, and may request that the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.

Second, with respect to Doe #13's request to quash, Doe #13 has not provided the Court with a copy of the subpoena. If the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

With respect to the remainder of the motion, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review. In the interests of judicial efficiency and the proper management of its docket, the Court instructs Doe #13 to re-file his requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")

---

¹In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.